<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Francisco Perez Vasquez,

                    *Petitioner*,

            v.

Luis Soto, *et al.*,

                    *Respondents*.

Civil Action No. 26-cv-03702

**ORDER**

May 19, 2026

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner, Francisco Perez Vasquez ("Petitioner"), pursuant to 28 U.S.C. § 2241 challenging the legality of his continued immigration detention (ECF No. 1); and

**WHEREAS**, Petitioner contends that Respondents are unlawfully subjecting him to mandatory detention pursuant to 8 U.S.C. § 1225(b) rather than discretionary detention under 8 U.S.C. § 1226(a) pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (*id.* ¶¶ 5–7); and

**WHEREAS**, Petitioner is a native and citizen of Guatemala who is presently detained in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), at the Delaney Hall Detention Facility in Newark, New Jersey (ECF No. 1 ¶ 1); and

**WHEREAS**, Petitioner entered the United States approximately eighteen years ago as a child after fleeing gang violence in Guatemala, and has resided in the United States for nearly two decades (*id.* ¶ 28); and

**WHEREAS**, in 2017, the United States Department of Homeland Security ("DHS") charged Petitioner as inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), based upon his alleged entry without inspection (*id.* ¶ 29); and

**WHEREAS**, Petitioner was then detained by immigration authorities, and subsequently released on a $7,500 bond on May 15, 2017, after which he continued to reside in the community and comply with immigration proceedings (*id.* ¶ 29); and

**WHEREAS**, Petitioner filed an application for asylum on August 1, 2018, and thereafter DHS exercised prosecutorial discretion resulting in dismissal of his Immigration Court proceedings on February 5, 2024, following which Petitioner re-filed his asylum application with United States Citizenship and Immigration Services ("USCIS") in April 2024 (*id.* ¶ 29); and

**WHEREAS**, on April 8, 2026, Petitioner alleges he appeared as scheduled for an asylum interview in Newark, New Jersey with USCIS, thereby continuing to comply with all requirements associated with his pending asylum application (*id.* ¶ 30); and

**WHEREAS**, Petitioner alleges that following the interview, ICE agents arrested Petitioner without a warrant because he had entered the United States without inspection (*id.* ¶¶ 2, 30); and

**WHEREAS**, Petitioner remains separated from his family and community, including his United States citizen child (*id.* ¶ 31); and

**WHEREAS**, Respondents filed a Response to the Petition on April 15, 2026, that cites authority which they acknowledge has been rejected by several courts to reach the issue in this District[1] (ECF No. 6); and

---

[1] *See, e.g.*, *Marca Lemu v. Soto,* No. 25-cv-17098 (RMB), 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons*, No. 25-cv-17186 (ESK), 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar*, No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons*, No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas*,

**WHEREAS**, the record reflects that Petitioner has no criminal history;

**WHEREAS**, Respondents have not alleged that Petitioner poses a danger to the community or risk of flight (*see id.*); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), the Response (ECF No. 6), and the Reply (ECF No. 7) and resolves the matter on the controlling statutory framework; and

**WHEREAS**, Petitioner is being unlawfully detained under 8 U.S.C. § 1225. However, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar

---

No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.*, No. 25-3328 (3d Cir. Dec. 2, 2025).

transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained[.]" *Id.* at 366. The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782 (E.D. Mich. 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this 19th day of May 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner within 24 hours of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time

4

of Petitioner's release; and it is further

ORDERED that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

ORDERED that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

ORDERED that the Clerk of the Court shall **CLOSE** this case.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**